WILLIAMS, Judge.
This is an appeal from a decision by the trial court awarding plaintiff Elizabeth S. Pastee, $21,210.80 received from the sale of her separate property.
Plaintiff and defendant had been married in New Jersey. Prior to the marriage, plaintiff Pastee had purchased a home in that state. While the couple lived in New Jersey, they resided in the home, and when the husband was transferred to Louisiana, the house was sold for $21,210.80. This money was deposited in a checking account with the Whitney Bank of New Orleans and used to purchase a home in this city. Plaintiff was separated and granted a final divorce in Louisiana. After a contradictory hearing, the trial court entered a judgment dividing the community property, and awarding plaintiff reimbursement for the money received from the sale of her home. It is from this judgment that the defendant now appeals.
Defendant argues that the $21,210.80 received from the sale of the home in New Jersey should not have been classified as separate property. Alternatively, however, he argues that if it should be considered separate property, then he should be reimbursed for those amounts of community property which were used to enhance the value of the property.
New Jersey law states:
“The real and personal property of a woman which she owns at the time of her marriage, and the real and personal property, and the rents, issues and profits thereof, of a married woman, which she receives or obtains in any manner whatever after her marriage, shall be her separate property as if she were a feme [sic] sole.” N.J.S.A. 37:2-12.
Plaintiff argues that this statute clearly indicates that the money received from the sale of the home is her separate property. The defense cites, however, the decision of Painter v. Painter, 320 A.2d 484, 65 N.J. 196 (1974), wherein the court upheld N.J. S.A. 2A:34-23, which states in pertinent part:
“In all actions where a judgment of divorce or divorce from bed and board is entered the court may make such award or awards to the parties, in addition to alimony and maintenance, to effectuate an equitable distribution of property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage.”
*525 Some of the guidelines set forth in Painter to determine equitable distribution include: (1) the respective age, background and earning ability of the parties; (2) the length of the marriage; (3) the standard of living during the marriage; and (4) what money and property was brought into the marriage. These factors, however, are not taken into consideration in distributing what would be the separate property of a wife. The trial court, therefore, correctly determined that the monies realized from the sale of the New Jersey home belonged to plaintiff.
Alternatively, defendant requests reimbursements, for money that he spent that enhanced the value of the property. These include, as listed on income tax return for 1976, a garage, a swimming pool, a carpet, a gas grill, concrete, kitchen remodeling, airconditioning, sewerage, and landscaping. The amount of improvements claimed by defendant equals $11,340.00. At trial, defendant claimed that their joint funds were used to make all of the above-mentioned improvements. At no time, however, did defendant offer any evidence of these claims. No receipts, cancelled checks, or statements of any sort were introduced at trial. Furthermore, the plaintiff and her son testified that the monies that they themselves earned were used to provide the improvements for the home. Based on the scant evidence presented at trial, the trial court did not err in refusing to award defendant reimbursement for any improvements that might have been made to the home during the existence of the marriage.
Based on the foregoing reasons, the decision of the trial court is AFFIRMED.
AFFIRMED.